# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SUSAN MOORE,

          Plaintiff,

v.

MICHAEL LIBBY and
DIANE WHEELER,

          Defendants.

Case No. 18-CV-276-JPS

**ORDER**

Plaintiff, Susan Moore, filed a *pro se* complaint alleging that two of her supervisors at her former place of employment discriminated against her because of a permanent shoulder injury she sustained at work. (Docket #1 at 2–3). Ultimately, says Plaintiff, she was terminated in retaliation for complaining of the discriminatory treatment she endured. *Id.* at 2. Presently before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. (Docket #2).

In order to allow a plaintiff to proceed without paying the filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit is frivolous or fails to state a cognizable claim for relief. *See* 28 U.S.C. § 1915. On the first question, although the plaintiff need not show that she is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), it must be remembered that the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Plaintiff avers in her motion that she is presently employed. (Docket #2 at 1). She does not have any dependents and does not say whether she is married. *Id.* Her monthly salary is $4,350.72. *Id.* at 2. Her monthly expenses, including rent, a credit card payment, and a student loan payment, total $2,884.00. *Id.* at 2–3.[1] She owns at 2005 Mercury Mountaineer, which she values at only $400.00. *Id.* at 3. She has no other assets save a bank account with $687.70 in it. *Id.* at 3–4.

On these averments, the Court cannot conclude that Plaintiff is unable to afford the $400.00 filing fee. Plaintiff's monthly income well exceeds her monthly expenses. Moreover, according to Plaintiff, she has enough money in her bank account to immediately pay the filing fee in this case. The Court sympathizes with Plaintiff's concerns about her diminished financial means as a result of her separation from her prior employer, but suffering such a setback does not mean that Plaintiff is actually indigent. *See Wolinsky v. Bd. of Educ. of City of Chicago*, No. 95 C 6487, 1996 WL 66003, at *1 (N.D. Ill. Feb. 12, 1996) (denying leave to proceed *in forma pauperis* where the plaintiff had social security income and funds in a bank account).

The federal *in forma pauperis* statute is designed to ensure that indigent litigants have meaningful access to the federal courts, not that any *pro se* litigant may assert her legal claims for free. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). As such, the Court is obliged to deny Plaintiff leave to proceed without prepayment of the filing fee in this case. Plaintiff must pay

---

[1] The motion, submitted on the form provided by the Court to *pro se* litigants, instructs Plaintiff to list each and every monthly expense item she has. (Docket #2 at 2). Plaintiff's itemized expenses add up to $1,190.00, but she claims a total of $2,884.00 in monthly expenses. *Id.* at 2–3. Where the $1,694.00 difference comes from is unclear. It makes no difference however, as even taking the higher amount as accurate must lead to denial of her motion.

the filing fee in full by **March 15, 2018** or her case will be dismissed without further notice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff must remit the entire $400.00 filing fee for this action on or before **March 15, 2018** or this action will be dismissed without further notice; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge